**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                **Plaintiff,**                05-CR-228A(Sr)

**v.**

**SHAWANA FISH,**

                **Defendant.**

---

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #6.

**PRELIMINARY STATEMENT**

The defendant, Shawna Fish, is charged in a one-count indictment with unlawfully, willfully and knowingly making false material declarations to the grand jury about her knowledge that one of the targets of a grand jury investigation had corruptly influenced, or attempted to corruptly influence, the testimony of another witness before the grand jury, in violation of 18 U.S.C. § 1623. Dkt. #1.

The defendant has filed a motion seeking: (1) dismissal of the indictment or suppression of the transcript of the May 3, 2005 grand jury proceeding; (2) retention and preservation of all notes or other tangible evidence; (3) restriction of evidence

relating to prior bad acts; (4) disclosure of *Brady* and *Jenc*ks materials; (5) disclosure of Rule 16 materials; and (6) disqualification of the Assistant United States Attorney, Anthony Bruce.  Dkt. ##10 & 11.  Defendant's motion for dismissal of the indictment or suppression of the transcript of the May 3, 2005 grand jury proceeding is addressed in a separate Report, Recommendation and Order.  The remaining requests are addressed below.

**Retention and Preservation of All Notes or other Tangible Evidence**

Pursuant to Rule 16, the defendant seeks an order compelling all law enforcement agents and Assistant United States Attorneys involved in this case to retain and preserve their notes, reports and rough notes, and to preserve tangible evidence relating to the questioning of the defendant with respect to her grand jury testimony, including, but not limited to, any video, audio or documentary evidence concerning a meeting on or about December 6, 2004 at the Niagara County jail.  Dkt. #10, ¶ 2.

The government responds that it "will retain and preserve all reports and tangible evidence relating to the government's questioning of the defendant."  Dkt. #13, ¶ 6.  The government also states that "[n]o notes exist."  Dkt. #13, ¶ 6.

Notwithstanding the government's assurances, the express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction. *United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

The government is hereby DIRECTED to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

**Prior Bad Acts Evidence**

The defendant seeks to restrict the government's introduction of evidence of prior bad acts, if any, pursuant to F.R.E. 404(b) and of other crimes or impeachment material, if any, pursuant to Rules 607, 608 and 609.  Dkt. #10, ¶ 3.  The government responds that it has no evidence that it will offer pursuant to F.R.E. 404(b), 607, 608 or 609.  Dkt. #13, ¶ 8.   In reliance upon this representation, this aspect of the defendant's motion is DENIED AS MOOT.

**Disclosure of Brady & Jencks Materials**

The defendant seeks disclosure of *Brady* materials and disclosure of *Jencks* material immediately, or at least thirty days prior to trial. Dkt. #10, ¶ ¶ 4 & 5. The government responds that it will comply with *Brady* and will agree to provide *Jencks* material no later than one week prior to trial. Dkt. #13, ¶ ¶ 8 & 9.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id*. at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**Rule 16 Materials**

At oral argument, the defendant stated that she was satisfied that the government had produced all Rule 16 discovery in its possession. Accordingly, the defendant's demand for production of Rule 16 materials is DENIED AS MOOT.

**Disqualification**

The defendant seeks disqualification of Assistant United States Attorney Anthony Bruce from further participation as a prosecutor in this proceeding because he is a likely witness at trial. Dkt. #10, ¶ 7. The government responds that Mr. Bruce will not try this case should it proceed to trial. Dkt. #13, ¶ 11. In reliance upon this representation, this aspect of the defendant's motion is DENIED AS MOOT.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

/s/ H. Kenneth Schroeder, Jr.
_____
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**

**DATED:**     **Buffalo, New York
             April 28 , 2006**