UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                                                    ORDER
                v.                                                  05-CR-228A

SHAWNA FISH,

                              Defendant.

_____


            The defendant is charged in a one-count indictment with unlawfully,

willfully and knowingly making false declarations to the grand jury in violation of 18

U.S.C. § 1623.   The defendant filed a motion to dismiss the indictment or, alternatively,

to suppress the grand jury testimony.

            On May 2, 2006, Magistrate Judge Schroeder, to whom the matter had

been referred, issued a report and recommendation, recommending that the

defendant's motion to dismiss be denied, but that her motion to suppress grand jury

testimony be granted.   Both the government and the defendant filed objections to the

report and recommendation.

            The parties appeared for oral argument on July 21, 2006.   At that time,

the Court advised the parties that further information and briefing was necessary to

address the objections and that an order would follow.   Upon further consideration, the

Court finds that a hearing is necessary to develop the record.   Accordingly, the Court

will hold a hearing on the plaintiff's objections and underlying motion on August 29,

2006 at 2:00 p.m.  The government shall have witnesses at the hearing who are prepared to address the following issues:

1.     The circumstances surrounding the meeting between the defendant, Niagara County Sheriff's Department Investigator Patrick Weidel, and ATF Special Agent Jason Bernhard on April 25, 2001, including whether the defendant was advised of her <u>Miranda</u> rights and, if not, why?

2.     The circumstances surrounding the meeting between the defendant and AUSA Bruce on May 3, 2001, prior to the defendant's appearance before the grand jury on that date, including whether the defendant was advised of her <u>Miranda</u> rights and, if not, why?

3.     The basis for the government's position that the grand jury proceedings were "substantially affected" by the defendant's February 1, 2001 testimony, so as to render the recantation defense unavailable.  In other words, if the grand jury ultimately indicted Cain, Jr. for witness tampering, how were the proceedings "substantially affected" by the defendant's purportedly false testimony?

Following the hearing, the Court may require further briefing relating to those issues and to address the issue of whether suppression of the defendant's May 3, 2001 grand jury testimony (as recommended by Magistrate Judge Schroeder) would also

2

require preclusion of any evidence concerning the defendant's admissions to AUSA

Bruce and Special Agent Bernhand on May 3rd before her grand jury appearance.

IT IS SO ORDERED.

_/s/ Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: August 18  , 2006